# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LARRY STANLEY,  )
                                    ) No. 9-1450
    Plaintiff,  )
                                    )
v.  )
CITY OF PITTSBURGH,

    Defendant.

## OPINION AND ORDER

## SYNOPSIS

In this civil action, Plaintiff alleges that Defendants, the City of Pittsburgh, the Pittsburgh Bureau of Police, and the Department of Public Safety violated his rights under state law and 42 U.S.C. § 1983. There are no individual defendants named. The claims arise out of an altercation that occurred outside a bar, during which a man was fatally stabbed. Plaintiff contends that in the context of his subsequent arrest and prosecution, he was subject to unreasonable search and seizure, and violations of substantive due process. He also identifies claims of false arrest and malicious prosecution.

Before the Court are the parties' cross-motions for summary judgment. Plaintiff contends that he has established malicious prosecution, based on the conduct of the officer who prepared the affidavit of probable cause leading to his arrest. Defendants contend, <u>inter alia</u>, that Plaintiff has failed to establish municipal liability. For the following reasons, the Defendants' Motion will be granted. I will decline to exercise supplemental jurisdiction over the remaining state law claims, and Plaintiff's Complaint and Motion will be dismissed, without prejudice to refile his action in state court.

## OPINION

1

## I. Applicable Standards

Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the Court must examine the facts in a light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F. 2d 946, 949 (3d Cir. 1990). The moving party bears the burden of demonstrating the absence of any genuine issues of material fact. United States v. Omnicare, Inc., 382 F.3d 432 (3d Cir. 2004). Rule 56, however, mandates the entry of judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

"If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). "A plaintiff cannot avoid summary judgment with speculation; he or she must provide competent evidence from which a rational trier of fact can find in his or her favor." United States v. 8 Bayview Terrace, No. 10-1546, 2010 U.S. App. LEXIS 17262, at *18 (3d Cir. Aug. 16, 2010).

## II. FACTS

The facts pertinent to the parties' Motions are brief, and undisputed. After the June 16, 2003 altercation that gave rise to this litigation, Detective Myers prepared an affidavit of probable cause. In brief, the affidavit described the altercation, and stated that a witness asserted that a man named "Larry" had the victim "wrapped up" while another man stabbed the victim;

2

then Larry released the victim, pulled a knife from the victim's body, and ran into the bar. The affidavit stated that the witness identified Plaintiff from a photo array, as "Larry." The affidavit, signed by Detectives Myers and Fisher, both non-parties to this action, was submitted to the coroner's office. The warrant states that it was written on the date of the altercation at the bar. Plaintiff contends that Detective Myers omitted material, potentially exculpatory information from the affidavit, and based the affidavit on an interview with a single witness conducted on June 17, 2003. Plaintiff proffers evidence of taped statements taken by officers, all but one conducted by officers other than Detective Myers, on June 17, 2003. An arrest warrant for Plaintiff was issued by a Deputy Coroner, and Plaintiff was arrested on June 17, 2003. Plaintiff was charged with criminal homicide. Following Plaintiff's arrest, a coroner's inquest was held on June 27, 2003. At the hearing, the Coroner Solicitor found that the Commonwealth made a prima facie case of criminal homicide against Plaintiff, and Plaintiff was held for trial. The Commonwealth later moved to withdraw the charges against Plaintiff, with prejudice, on November 15, 2007.[1]

### III. THE PARTIES' MOTIONS

#### A. Plaintiff's Complaint

Defendants' alternative arguments on summary judgment reflect the slightly puzzling nature of Plaintiff's Complaint. The Complaint states that Plaintiff brings "claims of false arrest and malicious prosecution under 42 U.S.C. § 1983, in addition to state law claims." The allegations that are then separated into a claim are captioned, "Larry Stanley v. All Defendants," "Violation of Civil Rights While Acting Under Color of State Law 42 U.S.C. § 1983." Those allegations refer to a substantive due process violation, and an unreasonable search and seizure.

---

[1] Although I make no decision on that basis, the posture of the initial charges may raise additional concerns about Plaintiff's Complaint. See Hilfirty v. Shipman, 91 F.3d 573, 580 (3d Cir. 1996).

I presume, therefore, that Plaintiff intended to assert state law claims of false arrest and malicious prosecution, and Section 1983 claims of an unreasonable search and seizure under the Fourth Amendment and Fourteenth Amendment substantive due process. Although Plaintiff's Complaint does not explicitly refer to Fourth Amendment malicious prosecution, I will view the Complaint as asserting such a claim. Moreover, although Plaintiff's submissions allege an assault by Officer Logan during Plaintiff's interrogation, and Detective Myers' reckless conduct with respect to the affidavit of probable cause leading to Plaintiff's arrest, there are no individual parties named as defendants to this matter.

### B. THE PARTIES' MOTIONS

#### A. Statute of Limitations

First, I address Defendants' argument that Plaintiff's claims are time barred. The parties agree that the applicable statute of limitations to both the state and federal claims is two years. "When false arrest is the basis of the § 1983 action, the statute of limitations normally begins to run at the time of arrest." Ginter v. Skahill, 298 Fed. Appx. 161, 163 (3d Cir. Pa. 2008). In contrast, the statute of limitations on malicious prosecution claims "does not begin to run until the underlying criminal proceedings are terminated in plaintiff's favor." Rose v. Bartle, 871 F.2d 331, 348 (3d Cir. 1989). It is undisputed that Plaintiff was arrested in 2003, and that criminal proceedings ended in his favor in November, 2007. Plaintiff's false arrest claim is time-barred, but his malicious prosecution claim is timely. Thus, I will proceed to consider only Plaintiff's claims for malicious prosecution.

#### B. Municipal Liability

Next, I address Defendants' contention that Plaintiff has failed to produce evidence sufficient to overcome summary judgment based on the well-established municipal liability

4

requirements of Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).[2] Municipal liability will be imposed when the plaintiff identifies a municipal policy or custom that caused his injury. Kantamanto v. Montgomery County, 05-4110, 2007 U.S. Dist. LEXIS 35131, at *10 (E.D. Pa. May 11, 2007). In order to establish such liability, "a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." Id. at *11. Moreover, "plaintiff must demonstrate that "the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences." Id. The municipality's deliberate conduct must have been the "moving force" behind the alleged constitutional injury; it is not enough to merely identify conduct attributable to the municipality. Board of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 404, 137 L. Ed. 2d 626, 117 S. Ct. 1382 (1997).

In this case, Plaintiff's Monell claim is based on the city's purported policy or practice of permitting a coroner, rather than a "superior officer or legal official," preferably one with specialized legal knowledge, to issue a warrant based on one officer's affidavit of probable cause.[3] Plaintiff does not contend that this practice is unconstitutional on its face. Indeed, "[i]t long has been clear that in cases involving either violent or suspicious deaths, a coroner or his properly authorized designee may act as an issuing authority." Commonwealth v. Smouse, 594 A.2d 666, 668 (Pa. Super. Ct. 1991). Instead, Plaintiff proposes that the lack of oversight of the

---

[2] Defendants proffer other arguments, such as that Plaintiff's failure to name an individual officer is fatal to his Complaint. My disposition of the Motion renders it unnecessary to address the parties' other arguments.
[3] Plaintiff characterizes this as "two city policies that worked in concert," but the gravamen of the challenged practice is the alleged lack of "a reasonable check on the potentially overzealous investigations of police officers…." While Plaintiff's Complaint identifies failures to train, monitor, supervise, and discipline as substantive due process violations, Plaintiff does not now refer to, defend, or proffer evidence in support of any such claim. I assume, therefore, that these claims have either been abandoned or are encompassed by Plaintiff's reliance on the policy that authorized the coroner alone to issue a warrant.

5

warrant process, by someone other than the coroner, was the moving force behind the malicious prosecution against him.

> When the execution of municipal policy does not compel a constitutional violation…the causal connection between municipal policy and the deprivation of constitutional rights becomes more difficult to discern. In some sense, of course, almost any injury inflicted by a municipal agent or employee ultimately can be traced to some municipal policy. Finding § 1983's causation requirement satisfied by such a remote connection, however, would eviscerate Monell's distinction, based on the language and history of § 1983, between vicarious liability and liability predicated on the municipality's own constitutional violations. The limits on municipal liability imposed by § 1983 require more careful analysis, in each instance, of the municipal policy alleged in the case, and whether a jury reasonably could conclude that the city's conduct was the moving force in bringing about the constitutional violation.

Springfield v. Kibbe, 480 U.S. 257, 267-268, 107 S. Ct. 1114, 94 L. Ed. 2d 293 (1987).

Here, Plaintiff contends that because of the policy, "nobody with specific legal training reviewed the totality of the circumstances to determine whether probable cause actually existed." Plaintiff's briefs are dedicated to arguing the proof that Detective Myers, who prepared the affidavit of probable cause, made false statements or omissions in the affidavit; Defendant likewise expends significant time examining probable cause.[4] These efforts, however, are misplaced in the context of the Motions before the Court. Whether an officer committed the tort of malicious prosecution is not decisive at this juncture. Instead, even assuming that the facts establish malicious prosecution, Plaintiff can only sustain his claim against the City if he adduces evidence that a City policy caused that wrongful conduct. This, he has not done; a conclusory, unsupported assertion that some other "proper" procedure would have stopped the malicious

---

[4] To prove a Fourth Amendment malicious prosecution claim under Section 1983 or state law, a plaintiff must demonstrate that the defendant initiated a criminal proceeding; the proceeding ended in plaintiff's favor; the defendant initiated the proceeding without probable cause; the defendant acted maliciously, or for a purpose other than bringing the plaintiff to justice; and the plaintiff suffered deprivation of liberty as a consequence of a legal proceeding. Johnson v. Knorr, 477 F.3d 75, 82 (3d Cir. 2007).

6

prosecution before it blossomed into an arrest is insufficient. There is a material and patent disconnect between the municipal policy relied on and the alleged malicious prosecution.

In the first instance, while Plaintiff broadly suggests that the coroner is not equipped to properly assess probable cause, he does not proffer <u>any</u> evidence regarding the knowledge or training of personnel authorized to issue warrants from the coroner's office. His statement that a Deputy Coroner has "little or no legal knowledge" is complete speculation. Accordingly, there are no factual grounds for assessing whether the challenged procedure was effective or appropriate. Moreover, Plaintiff does not argue that the affidavit, if it were true and complete, failed to present probable cause on its face; there are no grounds for concluding that a different person -- in Plaintiff's words, "impartial person with an understanding of the probable cause requirements" -- would or could have approached the affidavit any differently. Plaintiff points to no rule that precludes a single witness from supplying probable cause. In addition, there is simply no basis on which a reasonable jury could find that malicious prosecution is a known or obvious consequence of authorizing a coroner to issue warrants. There is, as a matter of both record evidence and practicality, no causal link. As a result, Defendants are entitled to judgment as a matter of law on Plaintiff's <u>Monell</u> claim of malicious prosecution.[5]

## IV. SUPPLEMENTAL JURISDICTION

Plaintiff's Section 1983 claims were the only federal claims at issue in this lawsuit. Because I will dismiss the federal claims over which I have original jurisdiction, I decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3). Plaintiff's Motion for Summary Judgment relates solely to the facts in support of malicious

---

[5]Plaintiff's submissions do not address any other policy or practice. Nevertheless, to the extent that Plaintiff intended to bring any other Section 1983 claims against Defendants, those claims are likewise subject to the requirements of <u>Monell</u>, and fail for similar reasons. Accordingly, Plaintiff's claim against Defendants for false arrest would be subject to summary judgment, had it not been time-barred.

7

prosecution, and not in support of the requirements of her Monell claim against the Defendants, and thus I will not reach the merits of that Motion.

**CONCLUSION**

In sum, Plaintiff has failed to make a showing sufficient to establish the requirement of causation under Monell, which is essential to his federal claims against Defendants, and on which he would bear the burden of proof. Therefore, Defendants are entitled to summary judgment to that extent. As a result, only state law claims remain in this matter. I will decline to exercise supplemental jurisdiction over those claims, and will not reach the parties' arguments that relate solely to those claims, including the statute of limitations issue. Instead, Plaintiff's Complaint will be dismissed without prejudice.

An appropriate Order follows.

**ORDER**

AND NOW, this 6th day of April, 2011, it is hereby ORDERED, ADJUDGED, and DECREED that Defendants' Motion for Summary Judgment [25] is GRANTED, as to Plaintiff's claims pursuant to 42 U.S.C. § 1983. I will not exercise supplemental jurisdiction over Plaintiff's remaining state law claims, and will dismiss Plaintiff's Complaint, and deny his Motion for Summary Judgment [24], without prejudice to Plaintiff to reassert his claims and arguments in state court.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose
Senior Judge, U.S. District Court